United States District Court
Southern District of Texas
**ENTERED**
April 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ROSA BERNAL,                          §
                                      §
        Plaintiff,                    §
                                      §
VS.                                   §
                                      §   CIVIL ACTION NO. 7:22-cv-00015
                                      §
ALL STATE VEHICLE AND PROPERTY §
INSURANCE,                            §
                                      §
        Defendant.                    §

## OPINION AND ORDER

The Court now considers "Plaintiff's Motion to Remand,"[1] "Defendant Allstate Vehicle

and Property Insurance Company's Motion for Partial Dismissal Under Rules 8(a), 9(b) and

12(b)(6),"[2] and the parties' "Joint Motion to Extend Expert Designation and Discovery

Deadlines."[3] After considering the motions, record, and relevant authorities, the Court **DENIES**

Plaintiff's motion to remand, **GRANTS IN PART** and **DENIES IN PART** Defendant's motion

for partial dismissal, and **GRANTS** entirely the parties' joint motion to extend expert designation

and discovery deadlines.

### I.   BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute arising out of alleged damage to Plaintiff's property sustained

during a storm occurring on or about July 25, 2020.[4] Plaintiff filed this action in state court on

December 7, 2021.[5] Plaintiff filed her amended state court petition on January 6, 2022.[6] Therein,

---

[1] Dkt. No. 11.
[2] Dkt. No. 2.
[3] Dkt. No. 13.
[4] Dkt. No. 1-4 at 4.
[5] Dkt. No. 1-2.
[6] Dkt. No. 1-4.

Plaintiff alleges causes of action against Defendant for breach of contract, violations of §§ 541 and 542 of the Texas Insurance Code, Deceptive Trade Practices – Consumer Protection Act violations, and breach of the common law duty of good faith and fair dealing.[7] Defendant removed this case to this Court on January 10, 2022.[8]

Defendant filed a motion for partial dismissal on January 10, 2022 along with its notice of removal.[9] On February 10, 2022, Plaintiff filed a motion to remand.[10] Subsequently, on February 14, 2022, Plaintiff filed a response to the motion to dismiss.[11] However, Plaintiff's response to Defendant's motion for partial dismissal is untimely as it was filed 35 days after the motion for partial dismissal.[12] Pursuant to this Court's Local Rule, responses to opposed motions must be submitted within 21 days of the filing of the opposed motion.[13] Accordingly, the Court does not consider Plaintiff's response to Defendant's motion for partial dismissal.[14] Because the Court cannot exercise any judicial action other than dismissal when the Court lacks jurisdiction, the motion to remand must be considered before the motion for partial dismissal.

Further, Defendant has not filed a response to Plaintiff's motion to remand and the time for doing so has now passed, rendering it unopposed by operation of this Court's Local Rule.[15] Both Plaintiff's motion to remand and Defendant's motion for partial dismissal are ripe for consideration.

---

[7] *Id.* at 5-12.
[8] Dkt. No. 1.
[9] Dkt. No. 2.
[10] Dkt. No. 11.
[11] Dkt. No. 12.
[12] *Compare* Dkt. No. 2 *with* Dkt. No. 12.
[13] *See* LRs 7.3 and 7.4(A).
[14] Dkt. No. 12.
[15] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

On March 15, 2022, the parties filed a joint motion to extend expert deadline designation and discovery deadlines.[16] Because the motion is unopposed, the Court considers it as soon as practicable.[17] The Court turns now to consider the motions.

## II. MOTION TO REMAND

### a. Legal Standard

The Court must police its own subject matter jurisdiction on its own initiative.[18] It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[19] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[20] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[21] While the Court has jurisdiction to determine its jurisdiction,[22] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[23] It is also a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[24] so "any doubt as to the propriety of removal should be resolved in favor of remand."[25]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different

---

[16] Dkt. No. 13.

[17] L.R.7.2.

[18] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

[19] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).

[20] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[21] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)

[22] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").

[23] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[24] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).

[25] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

state from each plaintiff[26] and the amount in controversy exceeds $75,000.[27] When the amount in

controversy is at issue, the Court makes an arithmetical assessment of the claims and values at

issue as of the moment of removal; subsequent events which purport to change the amount in

controversy do not oust the Court's jurisdiction.[28] The party invoking federal diversity jurisdiction

"bears the burden of establishing the amount in controversy by a preponderance of the evidence."[29]

"The removing defendant can meet its burden if it shows by a preponderance of the evidence that:

"(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or,

alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in

controversy that support a finding of the requisite amount"[30] such as "affidavits and deposition

testimony."[31] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself

dispositive of jurisdiction if the claim is apparently made in good faith."[32] In other words, "where

the district court is making the 'facially apparent' determination, the proper procedure is to look

only at the face of the complaint and ask whether the amount in controversy was likely to exceed"

---

[26] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[27] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

[28] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal.").

[29] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *accord Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)) ("In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).

[30] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[31] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

[32] *Scarlott*, 771 F.3d at 888 (quotation omitted).

the requisite $75,000.[33] However, a plaintiff's bare allegations do not "invest a federal court with jurisdiction."[34] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.[35]

Therefore, when a plaintiff challenges a defendant's assertion that the amount in controversy exceeds $75,000, the defendant must set forth evidence of the amount in controversy.[36] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[37]

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[38] For example, when ascertaining the amount in controversy under an insurance policy, the amount may include the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[39]

---

[33] *Allen*, 63 F.3d at 1336.

[34] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).

[35] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

[36] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B) & H.R. REP. NO. 112-10 at 16 (2011)).

[37] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

[38] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).

[39] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).

**b.  Analysis**

Plaintiff argues that "Defendant has not produced any evidence to substantiate its burden to prove the allegation and it is entitled to removal."[40] Plaintiff further states that she "pleads under the jurisdiction limits of the Federal Statute"[41] in her amended complaint.

As evidence that the amount in controversy exceeds the jurisdictional limit, Defendant provides a pre-suit demand letter for $69,163.03 which includes economic damages, interest and attorney's fees and cost.[42] Defendant further states that the "demand does not consider Plaintiff's pleadings for extra-contractual damages such as treble damages or exemplary damages accrued on the claim."[43] Thus, Defendant concludes that the amount in controversy is well over $75,000.00.

Here, because Defendant has set forth evidence of the amount in controversy and it supports diversity jurisdiction, Plaintiff must show, to a legal certainty, that recovery will not exceed the jurisdictional threshold. Plaintiff's motion essentially only argues that she has amended her petition.[44] Plaintiff's amended petition, in relevant part, states,

> [p]ursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks damages of monetary relief of no more than $75,000 and non-monetary relief. Plaintiff sets forth that the amount in controversy does not exceed $75,000.00, inclusive of interest and costs, and that Plaintiff is neither seeking nor will accept any amount of recovery in excess of $75,000.00, inclusive of interest and costs, including all statutory and contract damages, extra-contractual damages, and attorney's fees.[45]

Texas procedure allows litigants to amend their pleadings at any time without leave of court.[46] Thus, if this case were to be remanded to state court, Plaintiff would have the option of amending her petition to remove the above quoted language. Therefore, the quoted language is not

---

[40] Dkt. No. 11 at 2.
[41] Dkt. No. 1-6.
[42] *Id.*
[43] Dkt. No. 1 at 5.
[44] Dkt. No. 11 at 3.
[45] Dkt. No. 1-4 at 2.
[46] Tex. R. Civ. P. 63.

a binding stipulation. This language does not establish the legal certainty required to defeat federal jurisdiction. Accordingly, the motion to remand is hereby **DENIED**.[47]

### c. Request for Attorney's Fees

Because motion to remand is denied, the request for attorney's fees contained in the motion to remand is accordingly **DENIED AS MOOT**.[48]

### III. MOTION FOR PARTIAL DISMISSAL

### a. Legal Standard

"A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[49] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[50] In evaluating a motion to dismiss, courts first disregard any conclusory allegations or legal conclusions[51] as not entitled to the assumption of truth,[52] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[53] Naked assertions devoid of factual enhancement, formulaic recitations of the elements of a cause of action, threadbare conclusory statements, and allegations that "do not permit the court to infer more than the mere possibility of misconduct"

---

[47] Dkt. No. 11.

[48] *Id.*

[49] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted); *see Chatham Condo. Ass'ns v. Century Vill., Inc.*, 597 F.2d 1002, 1011 (5th Cir. 1979) (alteration in original) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)) ("The decision disposing [of] the case is then purely on the legal sufficiency of plaintiff's case: even were plaintiff to prove all its allegations, he or she would be unable to prevail.").

[50] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[51] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

[52] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").

[53] *Iqbal*, 556 U.S. at 678–79; *see Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").

will not suffice.[54] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[55] The Court reads the complaint as a whole[56] and accepts all well-pleaded facts as true (even if doubtful or suspect[57]) and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[58]), but will not strain to find inferences favorable to the plaintiff,[59] but also will not indulge competing reasonable inferences that favor the defendant.[60] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[61] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible"[62] because discovery after permitting a complaint to survive a motion to dismiss is not a license to fish for a colorable claim.[63] The complaint must allege more than facts merely consistent with a defendant's liability;[64] the complaint must plead every material point necessary to sustain recovery and dismissal is proper if the complaint lacks a requisite allegation.[65] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is

---

[54] *Iqbal*, 556 U.S. at 678–79.

[55] *Id.*; *see In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quotation omitted) (holding that the "standard simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements").

[56] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").

[57] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

[58] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) is viewed with disfavor and is rarely granted.'")).

[59] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

[60] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).

[61] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).

[62] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) (quoting *Twombly*, 550 U.S. at 570).

[63] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978)); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[64] *Covington v. City of Madisonville*, 812 F. App'x 219, 223 (5th Cir. 2020) (per curiam) (quoting *Iqbal*, 556 U.S. at 678).

[65] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

plausible, not to evaluate the plaintiff's likelihood of success."[66] A plaintiff need not plead evidence[67] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession.[68] The Court is to give a liberal construction to the pleadings and disentitle a plaintiff from offering evidence to clarify and support their theories of liability only if there is no basis for liability.[69]

The Court is limited to assessing only the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which the Court may take judicial notice.[70] Attachments to the complaint become part of the pleadings for all purposes,[71] but the Court is not required to accept any characterization of them because the exhibit controls over contradictory assertions,[72] except in the case of affidavits.[73] Because the focus is on the pleadings, "if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56,"[74] but not if the material to be considered is a matter of public record[75] or a website[76] and not

---

[66] *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))

[67] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 241 (5th Cir. 2016).

[68] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).

[69] *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002); *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (citation omitted) ("The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint.").

[70] *Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018).

[71] *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing FED. R. CIV. P. 10(c)).

[72] *Kamps v. Baylor Univ.*, 592 F. App'x 282, 284 n.1 (5th Cir. 2014) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004)).

[73] *Bosarge v. Miss. Bureau of Narc.*, 796 F.3d 435, 440–41 (5th Cir. 2015) ("[W]hile the affidavits may be considered as an aid to evaluating the pleadings, they should not control to the extent that they conflict with [plaintiff's] allegations.").

[74] FED. R. CIV. P. 12(d).

[75] *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 n.2 (5th Cir. 2012) (per curiam) (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)).

[76] *Hyder v. Quarterman*, No. CIV.A. C-07-291, 2007 WL 4300446, at *3 (S.D. Tex. Oct. 10, 2007) (Owsley, J.) (citing *Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) & *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam)).

if a defendant attaches documents to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to her claim."[77]

In addition, Federal Rule of Civil Procedure 9(b) requires that a plaintiff, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[78] For example, "[c]laims alleging violations of the Texas Insurance Code and the [Texas Deceptive Trade Practices-Consumer Protection Act] and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to [Federal Rule 9(b)'s] requirements."[79] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, a plaintiff must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[80] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than

---

[77] *Causey v. Sewell Cadillac–Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).

[78] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).

[79] *Janssen v. Allstate Vehicle & Prop. Ins. Co.*, No. SA-21-CV-00750-JKP, 2021 WL 4200618, at *1 (W.D. Tex. Sept. 14, 2021) (third alteration in original) (quoting *Frith*, 9 F. Supp. 2d at 742) (first citing *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-cv-4519, 2012 WL 4052914, at *4 (S.D. Tex. Sept. 13, 2012) (Harmon, J.); and then citing *Lone Star Ladies Inv. Club*, 238 F.3d at 368); *cf. Tommaso v. State Farm Lloyds*, No. 7:15-cv-00274, 2016 WL 6883042, at *3 (S.D. Tex. Sept. 28, 2016) (Alvarez, J.) (applying Rule 9(b) to a Texas Insurance Code § 541.060(a)(1) claim because the claim was "ultimately grounded in fraud").

[80] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (first quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009); and then quoting *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)); *see Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quotation omitted) ("At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.").

later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[81] Nevertheless, "fraud may be pleaded without long or highly detailed particularity."[82]

To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have appeared, and the way in which the omitted facts made the representations misleading."[83] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; a plaintiff must delineate which defendant is responsible for which allegedly fraudulent activity.[84] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[85]

### b. Analysis

#### 1. *Plaintiff's Claims Sounding in Fraud and DTPA Claims*

Defendant Allstate first challenges Plaintiff's claims under Tex. Ins Code 541.060(a)(1) and claims for violations of the Deceptive Trade Practices-Consumer Protection Act ("DTPA").[86] Defendant asserts that Plaintiff's first amended petition fails to allege sufficient facts as required by Rule 9(b) and that the "majority of Plaintiff's 'facts' are conclusory allegations against Allstate."[87] Defendant argues that "[t]he only relevant substantive facts in Plaintiff's petition are related to the basic identifying information of the claim (relationship of the parties, the subject policy, and the alleged dates of loss) and allegations that Plaintiff's property was damaged by a storm."[88]

---

[81] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).
[82] *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 632 (5th Cir. 1999).
[83] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).
[84] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)); *see Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted) (the allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud").
[85] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[86] Dkt. No. 2 at 4.
[87] *Id.*
[88] *Id.* at 5.

Under Texas Insurance Code § 541.060(a)(1), it is unlawful for an insurer to "misrepresent[t] to a claimant a material fact or policy provision relating to coverage at issue." The Court applies fraud pleading standards to this claim.[89] Plaintiff's specific allegations of misrepresentation are as follows:

### VII.    Second Cause of Action: DTPA Violations

Plaintiff is a "consumer" entitled to relief under the Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA"). By its conduct outlined above, Allstate Insurance has engaged in the following violations of the DTPA which, together and separately, have been a producing cause of Plaintiff's damages:

a) Allstate Insurance made false representations about Plaintiff's rights, remedies and obligations under the policies at issue. These statements were a misrepresentation of the insurance policies and its benefits in violation of §§ 14.46(b)(5), (7), (12) and (14), Texas Business & Commerce Code;

b) Allstate Insurance actions constitute an unconscionable course of conduct entitling Plaintiff to relief under § 17.50(a)(1), (2), (3), and (4) of the Texas Business & Commerce Code;

c) Allstate Insurance failed to disclose information to Plaintiff concerning the nature and extent of its insurance policy which was known by Allstate Insurance at the time for the purpose of inducing Plaintiff into transactions which she would not have otherwise entered in violation of section 17.46(b)(9) and (23), Texas Business and Commerce Code;

d) As described above, Allstate Insurance violated Chapter 541, Texas Insurance Code, entitling Plaintiff to relief under section 17.50(a)(4), Texas Business and Commerce Code.

Allstate Insurance took advantage of Plaintiff's lack of knowledge in construction and insurance claims processes, misrepresented losses covered under the insurance policy, and failed to disclose pertinent information regarding damages to the Plaintiff's property. Allstate Insurance conduct as described herein was a producing cause of damages to Plaintiff for which Plaintiff sues. The conduct of the Allstate Insurance was more than just a mistake, and was done "knowingly" and/or "intentionally" as that term is derived by the statute. Because of that, Allstate Insurance may be subject to liability for additional damages under the Texas Deceptive Trade Practices Act.[90]

---

[89] *See Bige, Inc. v. Penn-Am. Ins. Co.,* No. 1-15-CV-292 RP, 2015 WL 5227726, at *4 (W.D. Tex. Sept. 8, 2015) (collecting cases) ("Plaintiff Objects to dismissal of any claims under the Texas Insurance Code or DTPA, and thus presumably the reformed conspiracy claim. Plaintiff argues those claims are not subject to the strictures of Rule 9(b) as they are not fraud-based claims. Texas district courts, however, consistently apply Rule 9(b)'s requirements to claims under the Texas Insurance Code and DTPA.").

[90] Dkt. No. 1-4 at 5-6.

VIII. Unfair Insurance Practices

Allstate Insurance failed to inform Plaintiff of material facts scope of damage and cost to repair. Allstate Insurance failed to properly process claims and have misrepresented material facts to the Plaintiff. . . .

    8) Allstate Insurance committed the following unfair methods of competition or deceptive acts or practices in the business of insurance in violation of Texas Insurance Code and the Texas Administrative Cody by"

        a) Allstate Insurance made, issued or circulated or caused to be made, issued or circulated an estimate, illustration, circular or statement misrepresenting with respect to the policy issued or to be issued:

            i. the terms of the policy; and/or

            ii. the benefits or advantages promised by the policy.

        b) Allstate Insurance made an untrue statement of material fact (Tex. Ins. Code Ann. 541.060(a)(1); 28 TAC section 21.203(1));

        c) Allstate Insurance failed to state a material fact necessary to make other statements made not misleading considering the circumstance under which the statements were made; and

        d) Allstate insurance made statements in a manner that would mislead a reasonably prudent person to a false conclusion of material fact.

The Court finds these allegations insufficient to state a claim for fraud under Texas Insurance Code § 421.060(a)(1) and the DTPA. Plaintiff fails to identify the speaker beyond Defendant Allstate's corporate entity, fails to state the actual misrepresentations, and fails to allege when and where the alleged misrepresentations were made.[91] To the extent Plaintiff attempts to state a cause of action under § 541.060(a)(1) and the DTPA, such claims are **DISMISSED**.

    *2. Plaintiff's Claims Under the Prompt Payment of Claims Statute, Chapter 541 and 541 of the Texas Insurance Code*

Plaintiff next argues that "Plaintiff's claims under chapter 28 of the Texas Administrative Code ("prompt payment claims"), Chapter 541 and 542 of the Texas Insurance Code are conclusory and fall short of Rule 8(a)(2) and fail to state a claim upon which relief can be granted."[92] The Court will address each section of 541 and 542 alleged in Plaintiff's amended complaint in turn.

---

[91] *See supra* note 80.
[92] Dkt. No. 2 at 7.

i.  *§ 541.060(a)(2)(A) and § 542.003(b)(4)*

Under Texas Insurance Code § 541.060(a)(2)(A), it is unlawful for an insurer to fail "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear." Under Texas Insurance Code § 542.003(b)(4), "not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear" constitutes an unfair claim settlement practice. Plaintiff alleges that Defendant violated this subjection,[93] but Defendant argues that Plaintiff's allegations are insufficient and conclusory.[94] An insurer's liability becomes reasonably clear when the insured shows that: "(1) the policy covers the claim, (2) the insured's liability is reasonably clear, (3) the claimant has made a proper settlement demand within policy limits, and (4) the demand's terms are such that an ordinarily prudent insurer would accept it. These elements comprise the statutory liability standards against which to measure legal sufficiency."[95] Although Plaintiff makes few allegations concerning his settlement demand,[96] Defendant attached Plaintiff's settlement demand to its Notice of Removal and relied upon it to establish diversity jurisdiction.[97] Accordingly, the Court may consider the attached demand letter.[98] In the demand letter, Plaintiff asserted that her insurance policy covers her property damages, that Defendant is liable but has failed to pay, and that Plaintiff demands a total of $69,163.03.[99] Further, Plaintiff alleges that amount Defendant failed to pay was a "just amount in accordance with its contractual obligations, agreements, and representations.[100] Considering

---

[93] Dkt. No. 1-4 at 7.
[94] Dkt. No. 2 at 7.
[95] *Rocor Int'l v. Nat'l Union Fire Ins. Co.,* 77 S.W.3d 253, 262 (Tex. 2002), *cited in In re Farmers Tex. Cnty. Mut. Ins. Co.,* 621 S.W.3d 261, 274 n.15 (Tex. 2021).
[96] Dkt. No. 1-4 at 7.
[97] Dkt. No. 1 at 5, ¶ 17.
[98] *See Collins v. Morgan Stanley Dean Witter*, 244 F.3d 496, 499 (5th Cir. 2000) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.")
[99] Dkt. No. 1-6.
[100] Dkt. No. 1-4 at 4.

Plaintiff's allegations and her demand letter together, the Court does not agree that Plaintiff's claims under § 541.060(a)(2)(A) and § 542.003(b)(4) are impermissibly conclusory because they allege all required elements of proper § 541.060(a)(2)(A) and § 542.003(b)(4) claims. Defendant's motion to dismiss is **DENIED** to the extent movant moves to dismiss Plaintiff's claims under § 541.060(a)(2)(A) and § 542.003(b)(4).

      *ii.  § 541.060(a)(3)*

Under Texas Insurance Code § 541.060(a)(3) its is unlawful for an insurer to fail "to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim." Plaintiff alleges only that "Allstate Insurance has no reasonable basis for denying, delaying, or failing to pay Plaintiff's claims for damages. Allstate Insurance knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims."[101] Plaintiff does not specify what, if any explanation for denial was given, or when such explanation was given. The Court holds that Plaintiff's foregoing allegations do not sufficiently allege that Defendant violated § 541.060(a)(3) by failing to reasonably explain its denial. Defendant's motion to dismiss is **GRANTED** to the extent movant moves to dismiss Plaintiff's claims under § 541.060(a)(3).

      *iii.  § 541.060(a)(5)*

Under Texas Insurance Code § 541.060(a)(5) it is unlawful for an insurer to "refus[e], fail[], or unreasonably delay[] a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy." Plaintiff's amended complaint only recites this section of the statute but fails to allege that other coverage or third party responsibly may have

---

[101] *Id.* at 5.

been a reason for the insurer to allegedly refuse, fail or unreasonably deny the settlement offer. Accordingly, to the extent Plaintiff attempts to state a cause of action under § 541.060(a)(5), such claims are **DISMISSED**.

### iv.  § 541.060(a)(7)

Under Texas Insurance Code § 541.060(a)(7) it is unlawful for an insurer to "refus[e] to pay a claim without conducting a reasonable investigation with respect to that claim."[102] Plaintiff alleges that "Allstate Insurance has denied and/or delayed payment of Plaintiff's covered claims" and further that "Allstate Insurance's reliance on reports and estimates from its adjusters and investigating adjusters has been 'merely pretextual' and unreasonable." The Court holds that Plaintiffs foregoing allegations sufficiently allege that Defendant violated § 541.060(a)(7) by failing to conduct a reasonable investigation. Defendant's motion to dismiss is **DENIED** to the extent movant dismisses Plaintiff's claims under § 541.060(a)7).

### v.  § 542.003(b)(3)

Under Texas Insurance Code § 542.003(b)(3) it is unlawful for an insurer to "fail[] to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies." Plaintiff's amended complaint only recites this section of the statute but fails to allege facts to support the argument that the insurer failed implement standards for the prompt investigation of claims. In fact, Plaintiff only alleges that the investigations that were conducted were unreasonable, not that they were not prompt.[103] Accordingly, to the extent Plaintiff attempts to state a cause of action under § 542.003(b)(3), such claims are **DISMISSED**.

### vi.  § 542.003(b)(5)

Under Texas Insurance Code § 542.003(b)(5) it is unlawful for an insurer to "compel[] a policyholder to institute a suit to recover an amount due under a policy by offering substantially

---

[102] *Id.* at 9.
[103] *See* Dkt. No. 1-4 at 9.

less than the amount ultimately recovered in a suit brought by the policyholder." Plaintiff's amended complaint only recites this section of the statute but fails to allege any facts to support this argument. Accordingly, to the extent Plaintiff attempts to state a cause of action under § 542.003(b)(5), such claims are **DISMISSED**.

### 3. *Plaintiff's Claims for Breach of Duty of Good Faith and Fair Dealing*

Defendant next moves to dismiss Plaintiff's breach of the covenant of good faith and fair dealing claim. However, the sufficiency for a claim for breach of the covenant of good faith and fair dealing is coextensive with statutory claims under Texas Insurance Code § 541.060(a)(2)-(3).[104] Because the Court declined to dismiss all of Plaintiff's claims under those statutory subsections, for those same reasons, the Court declines to dismiss Plaintiffs similar claims for breach of duty of good faith and fair dealing. Accordingly, Defendant's motion to dismiss is **DENIED** to the extend Defendant moves to dismiss Plaintiff's claim for breach of duty of good faith and fair dealing.

### IV. JOINT MOTION TO EXTEND EXPERT DESIGNATION AND DISCOVERY DEADLINES

In the motion, the parties request the Court to "extend the parties' expert designation deadlines, discovery deadline and all related deadlines by two (2) months."[105] In support of their request, the parties provide that they "have been working diligently to complete discovery in this matter. However, the Parties require additional time to complete discovery, conduct oral depositions, designate expert witnesses, and participate in mediation."[106] The parties further aver that they "are seeking this extension to explore the possibility of early mediation and/or early settlement."[107]

---

[104] *Luna v. Nationwide Prop. & Cas. Ins. Co.,* 798 F. Supp. 2d 821, 830 & n.15 (S.D. Tex. 2011) (Harmon, J).
[105] Dkt. No. 13 at 1.
[106] *Id.* at 2.
[107] *Id.*

The Court finds good cause for an extension of the scheduling order deadlines. Accordingly, the Court **GRANTS** the parties' motion and sets out the following amended schedule. This case specific scheduling order controls disposition of this action pending further order of the Court. The following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | May 1, 2022 |
| Deadline for Defendant to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | May 15, 2022 |
| Discovery deadline. Counsel may by agreement continue conducting discovery beyond the deadline, but no extension will be granted because of information acquired in post-deadline discovery. | June 15, 2022 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | July 6, 2022 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[108] | September 6, 2022 |
| Final pretrial conference and trial scheduling. | October 18, 2022 at 9 a.m. |

This scheduling order supersedes any earlier scheduling order, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[109] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

---

[108] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).
[109] *See* FED. R. CIV. P. 16(b)(4).

## V. CONCLUSION AND HOLDING

In conclusion, for the foregoing reasons, the Court **DENIES** Plaintiff's motion to remand[110] and **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for partial dismissal.[111] Defendant's motion is **GRANTED** to the extent that Plaintiff's claims under Texas Insurance Code § 541.060(a)(1), § 541.060(a)(3) § 541.060(a)(5), § 542.003(b)(3), § 542.003(b)(5) and the DTPA are **DISMISSED**. The Court **DENIES** the remainder of Defendant's motion. Finally, the Court **GRANTS** entirely the parties' joint motion to extend expert designation and discovery deadlines.[112]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 6th day of April 2022.

_____
Micaela Alvarez
United States District Judge

---

[110] Dkt. No. 11.
[111] Dkt. No. 2.
[112] Dkt. No. 13.